UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN G.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-461 RSM

**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting the opinions of Arnold Ronning, M.D.; discounting Plaintiff's testimony regarding the effects of fatigue; and incorrectly considering "other factors" in determining Plaintiff's residual functional capacity ("RFC"). Pl. Op. Br. (Dkt. 19), p. 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 44 years old, has a GED, and has worked as an accounting clerk, office manager, and assistant project manager/project director. Admin. Record ("AR") 66, 151, 256, 275. On October 1, 2017, Plaintiff applied for benefits, alleging disability as of September 29,

2017.  AR 66–67, 226–28.  Plaintiff's applications were denied initially and on reconsideration.  AR 66–82, 84–99, 101–16, 118–33.  After the ALJ conducted a hearing on January 15, 2019, the ALJ issued a decision finding Plaintiff not disabled.  AR 32–64, 137–53.  In relevant part, the ALJ found Plaintiff had severe impairments of degenerative disc disease; Lyme disease; Chlamydia pneumoniae; infections from candida, mycoplasma, human herpesvirus 6, and Epstein-Barr virus; hypothyroidism; myalgic encephalitis or chronic fatigue syndrome; and depressive disorder.  AR 139.  The ALJ found Plaintiff had the RFC to perform sedentary work with additional limitations.  AR 143–44.  Among other things, the ALJ found Plaintiff could sit with normal breaks for six hours in an eight-hour work day, and occasionally reach overhead bilaterally.  AR 143.  Plaintiff had cognitive and social limitations.  AR 143–44.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  *See* AR 1–4.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational.  *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless."

1  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

2  **1.      Dr. Ronning's Opinion Regarding Left Upper Extremity Use**

3  Plaintiff argues the ALJ erred in rejecting Dr. Ronning's opinion regarding Plaintiff's 4 ability to perform tasks requiring bilateral dexterity. Pl. Op. Br., pp. 2–3. Dr. Ronning evaluated 5 Plaintiff in February 2018. AR 439–46. Among other things, Dr. Ronning opined "[s]igns of 6 mild left upper extremity radiculopathy may make tasks requiring bilateral dexterity difficult and 7 should be avoided. Otherwise, no specific restrictions [on manipulative activities]." AR 446.

8  The ALJ gave little weight to Dr. Ronning's opinion that Plaintiff should avoid 9 performing any tasks that require bilateral dexterity. AR 150. The ALJ reasoned this opinion 10 was not supported by Dr. Ronning's findings on examination. *See id.*

11 The Commissioner argues new regulations promulgated in 2017 change the standard by 12 which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Def. Resp. 13 Br. (Dkt. # 22), pp. 2–6. Under current Ninth Circuit precedent, an ALJ must provide "clear and 14 convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and 15 "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v.* 16 *Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Commissioner's argument is twofold. First, 17 the Commissioner argues the new regulations eliminated a hierarchy among medical opinions, 18 superseding any priority the Ninth Circuit's current standards were based upon. Second, the 19 Commissioner argues the new regulations no longer require an ALJ to reject an opinion at all, 20 instead requiring an ALJ to merely state how persuasive he or she found an opinion.

21 The clear and convincing standard for rejecting uncontradicted opinions has its origins in 22 general administrative law. In *White Glove Building Maintenance, Inc. v. Brennan*, 518 F.2d 23 1271 (9th Cir. 1975), the Ninth Circuit held an administrative factfinder erred in rejecting

1   uncontradicted testimony "without a detailed explanation of his reasons for so rejecting." *Id.* at

2   1276.  A few months later, the Ninth Circuit applied this holding more specifically to the

3   uncontradicted opinions of two doctors in a Social Security disability case, holding an ALJ must

4   "expressly state clear and convincing reasons" for rejecting such opinions.  *Day v. Weinberger*,

5   522 F.2d 1154, 1156 (9th Cir. 1975) (citing *White Glove Bldg. Maint.*, 518 F.2d 1271; *Hassler v.

6   Weinberger*, 502 F.2d 172, 178 (7th Cir. 1974)).  The Ninth Circuit continues to cite this

7   standard, although it has not had the opportunity to do so in a case where the Commissioner's

8   new regulations apply.  *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

9          The genesis of the "specific and legitimate" standard for contradicted opinions was the

10  Ninth Circuit's decision in *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983).  In *Murray*, the ALJ

11  rejected the opinions of a treating doctor in favor of the opinions of an examining doctor.  *See id.*

12  at 501.  The Ninth Circuit reviewed precedent from other circuits and determined an ALJ must

13  ordinarily give more weight to the opinions of a treating doctor because that doctor is

14  "'employed to cure'" the claimant and has a "'greater opportunity to observe and know the

15  patient as an individual.'"  *Id.* at 502 (quoting *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir.

16  1983)).  Thus, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she

17  must make findings setting forth specific, legitimate reasons for doing so that are based on

18  substantial evidence in the record."  *Murray*, 799 F.2d at 502.  The Ninth Circuit made no

19  reference to regulations promulgated by the Social Security Administration regarding treatment

20  of medical opinions in reaching its conclusion.  *See id.*

21         In 1991, the Commissioner promulgated regulations setting forth standards for reviewing

22  medical regulations.  56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).  Those

23  regulations established a hierarchy mirroring the one set out by the Ninth Circuit, in which

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 4

1    treating sources are given more weight than non-treating sources, and examining sources are

2    given more weight than non-examining sources.  *See id.* at *36935–36; 20 C.F.R. §§

3    404.1527(c), 416.927(c).  The Ninth Circuit mentioned these regulations in its 1995 opinion in

4    *Lester*, and continued to rely on the "clear and convincing" and "specific and legitimate"

5    standards.  *See Lester*, 81 F.3d at 830–31.

6          In 2017, the Commissioner revised its regulations to eliminate the hierarchy of medical

7    opinions.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg.

8    5844-01, 2017 WL 168819 (Jan. 18, 2017).  Under the new regulations, for claims filed on or

9    after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary

10   weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources."

11   20 C.F.R. §§ 404.1520c(a), 416.920c(a).  The Commissioner's new regulations still require the

12   ALJ to explain his or her reasoning, and to specifically address how he or she considered the

13   supportability and consistency of the opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

14         The Ninth Circuit has not yet considered whether the 2017 regulations will cause it to

15   reevaluate the standards set forth in *Day* and *Murray* for review of medical opinions.  This Court

16   is bound by precedent of the Ninth Circuit and may not overrule a decision from that court.  *See*

17   *In re Albert-Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020); *Hart v. Massanari*, 266 F.3d

18   1155, 1171 (9th Cir. 2001); *see also Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455 (2015)

19   ("Overruling precedent is never a small matter.").  The history of the "clear and convincing"

20   standard indicates it will not likely be altered by the new regulations, as it was based on

21   evidentiary principles in administrative law, and not on a hierarchy of opinions.  *See Day*, 522

22   F.2d at 1156; *White Glove Bldg. Maint.*, 518 F.2d at 1276.

23         The new regulations also do not clearly supersede the "specific and legitimate" standard.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 5

1 That standard is not an articulation of how ALJs must weigh or evaluate opinions, but rather a
2 standard by which the court evaluates whether the ALJ has reasonably articulated his or her
3 consideration of the evidence.  Whatever factors the Commissioner considers in evaluating a
4 medical opinion, he must explain his reasoning to allow for meaningful judicial review, and the
5 Ninth Circuit's "specific and legitimate" standard is merely a benchmark against which the Court
6 evaluates that reasoning.

7 The Commissioner next argues the standards from *Murray* no longer apply because ALJs
8 "are not to accept, reject, or even give any specific evidentiary weight to a medical opinion," but
9 instead articulate only how "persuasive" the opinion is. Dkt. 22, pp. 5–6.  This argument lacks
10 merit.  If an ALJ finds an opinion "unpersuasive," and does not account for it in a claimant's
11 RFC, the ALJ has rejected that opinion.  Even under the Commissioner's new regulations, the
12 ALJ must articulate why she has rejected the opinion.  *See* 20 C.F.R. §§ 404.1520c(b),
13 416.920c(b).

14 Turning to Dr. Ronning's opinions, they were contradicted by the opinions of Robert
15 Bernardez-Fu, M.D., and Donna Lavaille, D.O.  AR 76–77, 111.  As such, the "specific and
16 legitimate" standard applies.  *See Lester*, 81 F.3d at 830–31.

17 The ALJ did not harmfully err in rejecting Dr. Ronning's opinions as unsupported by his
18 exam findings.  An ALJ may discount a doctor's opinions when they are inconsistent with or
19 unsupported by the doctor's own clinical findings.  *See Tommasetti v. Astrue*, 533 F.3d 1035,
20 1041 (9th Cir. 2008).  The ALJ reasonably noted Dr. Ronning found Plaintiff had full or nearly
21 full strength in her grip, wrists, fingers, shoulders, and elbows.  *See* AR 150, 444.  Plaintiff
22 argues these findings do not contradict Dr. Ronning's opinion on bilateral dexterity because that
23 opinions relates to frequency of use.  *See* Pl. Op. Br., p. 3.  But the ALJ did not find

inconsistency to be the key factor; he found lack of support as the basis for rejecting Dr. Ronning's opinion. *See* AR 150. The ALJ reasonably determined none of Dr. Ronning's exam findings, which were all relatively normal, would support a functional restriction to no tasks involving bilateral dexterity, and thus reasonably rejected this opinion.

**2. Plaintiff's Testimony Regarding Fatigue**

Plaintiff argues the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony regarding the severity of her fatigue. Pl. Op. Br., pp. 4–6. Plaintiff testified she left her last job due to exhaustion and poor health. AR 37–38. She testified she can only maintain energy for about two hours a day. AR 41, 49. Plaintiff testified she is exhausted all the time. AR 54, 262, 267–70.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The ALJ failed to meet this standard.

The ALJ first erred by rejecting Plaintiff's testimony as inconsistent with the objective medical evidence. AR 147. Although an ALJ may consider the medical evidence in evaluating the severity of a claimant's pain, "'an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.'" *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)) (alteration in original); *see also* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ pointed to objective test results, such as normal thyroid blood tests and

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 7

nearly full oxygen saturation in rejecting Plaintiff's testimony.  *See* AR 147.  Although these objective results do not fully support Plaintiff's testimony, they are not inconsistent with it, either.  And Plaintiff did not attribute her fatigue solely to thyroid issues or oxygen deprivation, so this was an inadequate basis on which to reject Plaintiff's testimony.

The ALJ next erred by rejecting Plaintiff's testimony based on her own statements allegedly showing her symptoms were not as severe as alleged.  *See* AR 147.  Here, the ALJ pointed to several statements Plaintiff made that her fatigue symptoms were improving.  *See* AR 147, 436, 464–66.  The ALJ failed to consider, however, that "'[t]here can be a great distance between a patient who responds to treatment and one who is able to enter the workforce.'" *Garrison*, 759 F.3d at 1017 n.23 (quoting *Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir. 2011)).  That Plaintiff had periods where she felt more energy does not convincingly undermine her testimony that she had overall work limitations due to fatigue.  The ALJ therefore failed to provide clear and convincing reasons for rejecting Plaintiff's testimony regarding fatigue, and thus harmfully erred.

### 3. The ALJ's Consideration of "Other Factors"

Plaintiff argues the ALJ erroneously considered "other factors" in determining Plaintiff's RFC.  *See* Pl. Op. Br., pp. 6–7.  Plaintiff first argues the ALJ erred in finding Plaintiff "could sit through an eight hour workday with normal breaks every two hours to allow for the need to change his [sic] position," based on Plaintiff's level of travel. Pl. Op. Br., p. 6.  In making this argument, Plaintiff claims the ALJ "failed to give proper weight to the opinions of [Plaintiff's] treating physicians and the ALJ's own medical expert." *Id.*  But Plaintiff fails to identify any specific opinions, and has therefore failed to adequately challenge any opinions in the record on Plaintiff's sitting restrictions.  *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir.

2003) ("The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. . . . However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so.").

To the extent Plaintiff is challenging the ALJ's rejection of Plaintiff's own testimony on her ability to sit for extended periods of time, Plaintiff has still failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). Even assuming the ALJ erred in rejecting this testimony as inconsistent with Plaintiff's travel, as Plaintiff contends, the ALJ also rejected this testimony as inconsistent with the objective medical evidence. *See* AR 146. Plaintiff has made no argument the ALJ erred in that analysis, so has failed to show harmful error. *See Molina*, 674 F.3d at 1115 (holding "an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion'") (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

Plaintiff next argues the ALJ erred in considering Plaintiff's level of treatment when assessing her RFC. Pl. Op. Br., p. 7. Plaintiff does not tie this to any particular impairment, testimony, or opinions. *See id.* The Court "'ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief.'" *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161, n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). Plaintiff has failed to adequately raise an issue for the Court to review regarding the ALJ's consideration of her level of treatment. Plaintiff has therefore failed to show the ALJ harmfully erred in considering other factors when

assessing Plaintiff's RFC.

### 4. Scope of Remand

Plaintiff asks the Court to remand this matter for an award of benefits, but does not make any substantive argument in support of this request.  *See* Pl. Op. Br., p. 7.  Plaintiff has not shown "rare circumstances" exist that justify departing from the ordinary rule of remand for further proceedings.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  The Court therefore remands this matter for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony regarding fatigue.  The ALJ shall reevaluate all relevant steps of the disability evaluation process, and conduct further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of November, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE