UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN GUENTHER<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. C20-461-RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Kathleen Guenther's Motion for Attorney Fees, Costs and Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #28. The Government opposes Plaintiff's request for EAJA fees. Dkt. #29. For the reasons set forth below, the Court GRANTS IN PART Plaintiff's motion for EAJA fees as set forth below.

## II. BACKGROUND

On October 1, 2017, Plaintiff applied for Supplemental Security Income and Disability Insurance Benefits, alleging disability as of September 29, 2017. Dkt. #26 at 1-2. Plaintiff's

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 - 1

applications were denied initially and on reconsideration. The Administrative Law Judge ("ALJ") conducted a hearing on January 15, 2019 and issued a decision finding Plaintiff not disabled. *Id.* at 2. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Social Security Commissioner's final decision.

On November 10, 2020, this Court reversed the Commissioner's final decision and remanded for further administrative proceedings under 42 U.S.C. § 405(g). *Id.* at 10. In reversing and remanding this case, the Court directed the ALJ to reevaluate Plaintiff's testimony regarding fatigue, to reevaluate all relevant steps of the disability evaluation process, and to conduct further proceedings necessary to reevaluate the disability determination in light of this opinion. Plaintiff now applies for an award of attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. Dkt. #28.

### III. DISCUSSION

**A. Legal Standard**

The EAJA provides for an award of attorney's fees to private litigants who prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(2)(A). Individuals successfully challenging a final decision of the Commissioner denying Social Security disability benefits are among those eligible for such awards. *Sullivan v. Hudson*, 490 U.S. 877 (1989). Under EAJA, the court must award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (citations and internal quotations omitted). While the government's position need not be correct,

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 - 2

it must have "'reasonable basis in law and fact.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "The government bears the burden of demonstrating substantial justification." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (internal quotations omitted). The decision to grant or deny EAJA fees lies within the discretion of the Court. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995).

In considering substantial justification, the Court first considers the underlying agency action, meaning the decision of the ALJ, and then considers the government's litigation position. *Meier*, 727 F.3d at 872. A holding that the agency's decision was unsupported by substantial evidence is "a strong indication that the 'position of the United States' . . . was not substantially justified.'" *Id.* (quoting *Thangaraja*, 428 F.3d at 874). Indeed, only in a "decidedly unusual case" will there be "substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (internal quotation omitted).

Where the government's underlying position was not substantially justified, the Court "need not address whether the government's litigation position was justified." *Meier*, 727 F.3d at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008)). In that situation, fees are awarded even if the litigation position of the government may have been justified. *Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014). In considering substantial justification, the Court looks only to whether the "position on the . . . issues that led to remand was not substantially justified." *Id.* at 834-35 (quoting *Flores*, 49 F.3d at 564).

**B. Analysis**

Here, the Government's position rejecting Plaintiff's testimony on her fatigue was not substantially justified. Where an ALJ determines that a claimant has presented objective medical

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER
28 U.S.C. § 2412 - 3

evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). In reversing and remanding this case, the Court concluded that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony regarding fatigue. Dkt. #26 at 8. The Commissioner contends that "this was a narrow matter of interpretation of Plaintiff's statements, where reasonable minds could differ." Dkt. #29 at 3. For the reasons set forth below, the Court disagrees.

First, the ALJ rejected Plaintiff's testimony as inconsistent with the objective medical evidence. AR 147. The law bars an ALJ from "reject[ing] a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)) (internal quotations omitted); *see also* 20 C.F.R. §§ 404.1529(c)(2) ("[the Commission] will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."); 416.929(c)(2) ("[The Commission] will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements."). Here, the ALJ pointed to objective test results, including normal thyroid blood tests and nearly full oxygen saturation. *See* AR 147. However, Plaintiff did not attribute her fatigue solely to thyroid issues or oxygen deprivation. For that reason, these objective results

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 - 4

were not inconsistent with her testimony. Dkt. #26 at 7-8. On this basis, the Government's rejection of Plaintiff's testimony on fatigue as inconsistent with medical evidence lacked a reasonable basis in law or fact.

Next, the ALJ erred in rejecting Plaintiff's testimony based on her own statements showing that her symptoms were not as severe as alleged. *See* AR 147. Specifically, the ALJ pointed to several statements Plaintiff made that indicated her fatigue symptoms were improving. *See* AR 147, 436, 464–66. As the Court stated in its order reversing and remanding this case, the fact that Plaintiff had periods where she felt more energy "does not convincingly undermine her testimony that she had overall work limitations due to fatigue." Dkt. #26 at 8. Again, the Government's position rejecting Plaintiff's testimony lacked a reasonable basis in law or fact.

For these reasons, the ALJ's decision to reject Plaintiff's testimony regarding fatigue was unsupported by substantial evidence and was therefore not substantially justified. *Meier*, 727 F.3d at 872. Because the Government's underlying position was not substantially justified, the Court need not address whether its litigation position was justified. *Id.* Accordingly, an award of EAJA fees is proper.

**C. Reasonableness of Attorney's Fees**

Next, the Government disputes the reasonableness of Plaintiff's requested fees. Plaintiff seeks attorney fees in the amount of $7,096.32 based on 34.6 hours of attorney time at an hourly rate of $201.60. Dkt. #28-1 at 2. The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). Courts in the Ninth Circuit apply the principles set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) to determine what constitutes a reasonable fee award under the EAJA. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The prevailing party bears the burden to prove the fee amount requested is reasonable

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 - 5

and must submit documentation in support of the fee request. *Hensley*, 461 U.S. at 437; 28 U.S.C. § 2412(d)(1)(B). To determine the amount of a reasonable fee, courts generally take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Court may reduce a fee award if the applicant has provided inadequate documentation of the fees requested or claims hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. The Court may also consider other factors to adjust the fee upwards or downwards, "including the important factor of the results obtained." *Id.*

The Government does not object to the claimed hourly rates, and the Court finds these rates consistent with the cap provided by statute.[1] Accordingly, the hourly rates proposed by Plaintiff's counsel are reasonable. However, the Government maintains that counsel's 34.6 hours expended were "not reasonably expended." Dkt. #29 at 5 (citing *Hensley*, 461 U.S. at 433). Specifically, the Government argues that hours spent preparing "a brief in which so many assertions were unsupported" merits a fee reduction. *Id.* The Court agrees. Plaintiff's counsel requests fees for 12.5 hours expended for researching and drafting Plaintiff's opening brief, and 8.9 hours for researching and drafting the reply brief. Dkt. #28-1. While the administrative record in this case was comparatively lengthy, totaling over 800 pages, the briefings submitted in this case were comparatively short. Plaintiff filed an opening brief totaling 7 pages, Defendant a 13-page response, and Plaintiff a 5-page reply. The analysis and resolution of the issues in this case were not excessively complex, as evidenced by the Court's relatively short Order of 10

---

[1] *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (providing that statutory maximum hourly rate, adjusted for increases in the cost of living was $205.25 for 2019 and $207.28 for 2020).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 - 6

pages. Dkt. #26. Accordingly, the Court cannot conclude that the 21.4 hours Plaintiff's counsel expended on researching and briefing the issues were reasonably expended.

Next, the Government argues that given Plaintiff's limited success, the Court should reduce the fee award. Where the prevailing party achieved only limited success, courts apply a two-part test to determine whether a fee award should be reduced. *Hensley*, 461 U.S. at 434. First, the Court considers whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Id.* "Claims are 'unrelated' if they are 'entirely distinct and separate' from the claims on which the plaintiff prevailed." *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (quoting *Odima v. Westin Tuscon Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995). Hours spent on unrelated, unsuccessful claims should be excluded from the fee award. *Id.* Next, the Court determines whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. In making this assessment, "a district court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' [ ] 'Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.' [ ] A plaintiff may obtain excellent results without receiving all the relief requested." *Sorenson*, 239 F.3d at 1147 (quoting *Hensley*, 461 U.S. at 435) (internal citations omitted).

Here, Plaintiff prevailed on her claim when this Court reversed the ALJ's decision and remanded for further proceedings. *See Trefcer v. Colvin,* 2013 WL 6623823, *5 (E.D. Cal. Dec. 16, 2013) ("Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories."); *see also Roberts v. Saul*, No. CV 16-158-BLG-TJC, 2021 WL 1381165, at *5 (D. Mont. Apr. 12, 2021). Nevertheless, a fee reduction is warranted given

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 - 7

her limited success on that claim. While courts do not reduce fee awards strictly because the case was remanded for further proceedings, *see id.* (collecting cases), a reduced fee award may be appropriate where the court limited the scope of remand. *See Blair v. Colvin*, 619 F. App'x 583, 585 (9th Cir. 2015) (Upholding district court's reduction of EAJA fee award where plaintiff did not receive benefits award and court's order limited scope of remand "to reassessing several consultants' positions regarding [plaintiff's] ability to persist and handle workplace stress.") (internal quotations omitted). Here, as in *Blair*, the Court only found harmful error with respect to the ALJ's assessment of Plaintiff's testimony on fatigue and therefore limited the scope of remand to reassessing that testimony. *See* Dkt. #26 at 10. Furthermore, in declining to award benefits, the Court observed that Plaintiff requested a benefits award but did "not make any substantive argument in support of this request." Dkt. #26 at 10. In light of these factors, the Court finds that a reduction of fees is appropriate based on Plaintiff's limited success.

Having determined that Plaintiff's fees are not reasonable, the Court agrees with the Government's recommendation to exclude 25% of the time Plaintiff's counsel spent reviewing the record and briefing this case. Counsel requests fees for 27.6 hours spent reviewing the transcript (6.2), researching and drafting the opening brief (12.5), and researching and drafting the reply brief (8.9). A reduction of this time by 25% equals 20.7 hours. Adding this reduced time to the hours counsel spent discussing case with Plaintiff, drafting the complaint and reviewing Defendant's response brief, totaling 6.4 hours, the Court awards fees in the amount of $5,463.36 for 27.1 hours of time at the hourly rate of $201.60.

Lastly, the Government objects to Plaintiff's counsel's request for fees-on-fees. Plaintiff requests $120.96 for .6 hours of work drafting the instant EAJA motion and documents. Courts exclude fees for fee litigation "to the extent that the applicant ultimately fails to prevail in such

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 - 8

litigation." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165 n.10 (1990). Here, the Court has reduced Plaintiff's award from of $7,096.32 to $5,463.36, which is an approximately 23% reduction of the original requested fee. For that reason, Plaintiff's fees-on-fees award should be proportionately reduced by that amount from $120.96 to $93.14.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion, Dkt. #28, is GRANTED IN PART. Plaintiff is entitled to a reduced EAJA fee award of $5,556.50. The Clerk shall send copies of this Order to the parties.

DATED this 18th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 - 9